**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1787
_____

POCONO MOUNTAIN SCHOOL DISTRICT

v.

T. D., a minor;
S. D.L., as Parent and Legal Guardian of T.D.,

Appellants
_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No. 3-15-cv-00764)
District Court Judge: Hon. Robert D. Mariani
_____

Argued February 7, 2023

(Filed: April 18, 2023)


Before: CHAGARES, *Chief Judge*, SCIRICA, RENDELL, *Circuit Judges*.
_____

O P I N I O N[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John E. Freund, III
Alyssa Hicks [Argued]
King Spry Herman Freund & Faul
One West Broad Street
Suite 700
Bethlehem PA 18018

      *Counsel for Appellee Pocono Mountain School District*

Michael J. Connolly
Dennis C. McAndrews [Argued]
D. Daniel Woody
McAndrews Mehalick Connolly Hulse & Ryan
30 Cassatt Avenue
Berwyn PA 19312

      *Counsel for Appellants T.D., a minor and S.D.L., as Parent*
      *and Legal Guardian of T.D.*

David J. Berney
Berney & Sang
Suite 1000
1628 John F. Kennedy Boulevard
Philadelphia PA 19103

Ellen M. Saideman
Law Office of Ellen Saideman
7 Henry Drive
Barrington RI 02806

      *Counsel for Amicus Appellants Council of Parents Attorneys*
      *and Advocates, Disability Rights Pennsylvania, Education Law Center,*
      *Peal Center, Public Interest Law Center, American Civil Liberties*
      *Union of Pennsylvania*

Linda J. Randby
Pennsylvania School Boards Association
400 Bent Creek Boulevard
Mechanicsburg PA 17050

      *Counsel for Amicus Appellee Pennsylvania School Boards Association*

**RENDELL**, *Circuit Judge*.

The Individuals with Disabilities Education Act ("IDEA") is a federal statute enacted to ensure that children with disabilities receive an adequate public education. A key provision of that statute, similar to many other civil rights statutes, provides for attorneys' fees for a prevailing party—typically, a child and parents who have vindicated the child's right to certain accommodations. This helps ensure that families, even those without the means to pay for an attorney, can find representation.

In the case at bar, T.D. achieved significant accommodations from his school district under the IDEA after protracted litigation. As the prevailing party, he was eligible for reasonable attorneys' fees from the school district. The District Court awarded fees, but drastically lower than requested. We conclude the District Court erred in several respects, and will vacate the District Court's order and remand so the Court can revisit the fee award in light of our opinion.

## I. Introduction

In 2011, T.D., a third-grader in the Pocono Mountain School District ("the School District") suffered several incidents of unwanted contact from a fellow student, on school grounds. Afterward, he began having trouble in and outside of school. Over the next few years, T.D.'s mother pressed for special services for T.D., but the school decided that he was not eligible. In 2013, she then enrolled him in a private Catholic school, where he stayed for 5 years during the pendency of the proceedings below, until high school,

whereupon he returned to the Pocono Mountain School District. Eventually, T.D.'s family hired the McAndrews Law Offices ("MLO")[1], a Pennsylvania firm which specializes in special education law, and filed a due process complaint against the School District, seeking approximately 350 school days of compensatory education, as well as tuition reimbursement pursuant to the IDEA, 42 U.S.C. § 1400, and Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. Both statutes ensure that an eligible child is provided with a free appropriate public education. On the premise that the school district did not fulfill that duty, the parents claimed that the school district denied their child his statutory right to a free appropriate public education. *See J.M. v. Summit City Bd. of Educ.*, 39 F.4th 126, 131 (3d Cir. 2022).

After an eight-day due process hearing, the hearing officer in January of 2015 concluded that T.D. was entitled to a total of 26 hours of compensatory education and two years of tuition reimbursement pursuant to the RA, but that he did not qualify as a student with a disability under the IDEA. Further, the hearing officer concluded that the School District had acted with deliberate indifference and had discriminated against T.D. in violation of the RA.

The School District filed an appeal with the District Court seeking reversal of the hearing officer's decision. T.D. filed a cross appeal, seeking a determination that T.D. qualified for services under the IDEA and was eligible for more than 26 total hours of

---

[1] Today the firm is known as McAndrews, Mehalick, Connolly, Hulse and Ryan, P.C.

compensatory education, among other claims. T.D. also sought, among other things, statutory attorneys' fees.

While the case was pending before the District Court, in November 2017 counsel for T.D. emailed the Pennsylvania Department of Education's Bureau of Special Education seeking enforcement of the hearing officer's finding that the School District should reimburse T.D.'s parents for the private school tuition. Counsel explained that despite numerous requests from T.D.'s family to the School District, the School District had not paid the tuition bill for the years 2013 to 2017, as required. A few days later, the Department of Education sent a letter informing the School District that it needed to pay the tuition during the pendency of the litigation, under IDEA § 300.518. The School District paid for the four years, 2013-2017. After another enforcement letter from the Department of Education regarding 2018 tuition, the school paid its most recent tuition bill.[2]

The Magistrate Judge issued a Report and Recommendation to uphold the hearing officer's decision in all respects. The District Court adopted it in part. While it determined that the School District had not been deliberately indifferent under the RA, it concluded that T.D. was disabled under the IDEA and thus entitled to tuition reimbursement.

---

[2] It is unclear from the record when exactly payments were made, but by the time the appeal in the underlying case had been decided, in October 2019, the School District had paid all the required tuition.

5

The School District appealed, and T.D. cross-appealed. Meanwhile, T.D. filed for attorneys' fees and costs. The School District filed a Motion to Stay Consideration of the Request for Attorneys' Fees pending resolution of their appeal, which the District Court did not rule on for over a year, while the case was pending before our court.

In October 2019, in a brief opinion, we dispensed with the appeal on procedural grounds, vacating in part and affirming in part. *Pocono Mt. Sch. Dist. v. T.D.*, 790 Fed. App'x 387 (3d Cir. 2019). As relevant here, we vacated the finding of the District Court as it related to IDEA eligibility and tuition reimbursement as moot, because the School District had already paid the tuition. *Id.* at 389-90.

Subsequently, T.D. filed a renewed motion for award of attorneys' fees, requesting payment for the 1,346.31 hours expended on the case, plus expenses, from the time MLO was retained up to and including when the fee motion was filed.

As we explain more fully below, the District Court issued an opinion concluding that all hours related to the tuition reimbursement were to be disallowed, as those claims had been vacated on appeal; that the hours spent and the fee rate were excessive; and that T.D. was entitled to no attorneys' fees incurred in preparation of the various motions related to attorneys' fees. The District Court awarded T.D. a total of $127,564.78, reduced from the $616,715.80 that had been requested. It also awarded $9,242.90 in costs. T.D.'s appeal of that decision is before us now.

6

## II.   Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 20 U.S.C. § 1415(i)(2) and 28 U.S.C. § 1331. We have jurisdiction under 29 U.S.C. § 1291, as this is an appeal of a final order of the District Court.

> We review *de novo* the standards and procedures applied by the District Court in determining attorneys' fees, as it is a purely legal question. *Smith v. Philadelphia Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). We review the findings of fact for clear error. *Washington v. Philadelphia County Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The reasonableness of a fee award itself is reviewed for abuse of discretion, *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001), but a court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts, *Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 154 (3d Cir. 1999).

*Planned Parenthood of Cent. New Jersey v. Att'y Gen. of State of New Jersey*, 297 F.3d 253, 265 (3d Cir. 2002).

## III.   Analysis

As a general starting point when awarding attorneys' fees, we calculate the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). That is called the lodestar. As we have explained,

> [C]ourts are to exclude from the determination of the lodestar any hours not reasonably expended. Hours subject to exclusion under *Hensley* include those deemed "excessive, redundant, or otherwise unnecessary." *Id.* at 434, 103 S.Ct. at 1939–40.
>
> A court's calculation of the lodestar, however, does not end its inquiry on a fee application. A district court can adjust

7

a fee award upward or downward based upon the results obtained in a case. *Id.* at 434, 103 S.Ct. at 1940. In addition, an attorney's work on unsuccessful claims not related to the claims on which the attorney succeeded is not compensable, because such work "cannot be deemed to have been expended in pursuit of the ultimate result achieved." *See id.* at 434–35, 103 S.Ct. at 1940 (internal quotation marks omitted). Moreover, as we have held, "the District Court has a positive and affirmative function in the fee fixing process, not merely a passive role" and "should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed." *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 178 (3d Cir. 2001).

*McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).

A. <u>Claims vacated on appeal: mootness and prevailing party status.</u>[3]

The IDEA provides that a district court may award attorneys' fees in a dispute "to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415. The prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley*, 461 U.S. at 433; *see also* 20 U.S.C. § 1415(i)(3)(B). "[T]o prevail under IDEA . . . a party must obtain a material alteration of the legal relationship of the parties that is judicially sanctioned." *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218, 224 (3d Cir. 2017) (cleaned up).

As noted above, we had vacated the IDEA ruling of the District Court because the School District had fully reimbursed T.D. for the tuition by that time. Based on this, the

---

[3] Mootness and its relationship to prevailing party status is a question of law; therefore, we review the issue *de novo*. *Planned Parenthood*, 297 F.3d at 265.

District Court held that "a party may not be considered a prevailing party as to claims vacated on appeal, even if they were vacated for mootness," and thus, T.D. was not eligible for attorneys' fees related to those claims. 597 F. Supp. 3d at 734-35 (cleaned up). The Court reduced the lodestar calculation by 60% to discount all fees incurred by T.D. in litigation of his tuition-related claims. *Id.* at 735.

T.D. urges that the cases relied on by the District Court do not stand for the proposition that mootness negates prevailing party status, and that the court ignored our opinion in *M.R.*, 868 F.3d at 220. First, T.D. is correct that the cases cited by the District Court, namely *John T. ex rel. Paul T. v. Delaware Cnty. Intermediate Unit*, 318 F.3d 545 (3d Cir. 2003), and *Buckhannon Bd. And Care Home, Inc., v. W. Virginia Dep't. of Health & Hum. Res.*, 532 U.S. 598 (2001), do not pertain to prevailing party status regarding claims vacated on appeal based on mootness.

Second, in *M.R.*, we held that "a court-ordered award of retrospective and compensatory relief, even if awarded under the Act's 'stay put' provision, … confers 'prevailing party' status." 868 F.3d at 221. We counseled to "interpret this fee provision consistently with other federal statutes using the term 'prevailing party.'" *Id.* at 224. Even when a family does "not succeed with respect to their request for a permanent private school placement … they d[o] prevail with respect to their procedural right to reimbursement under the IDEA's 'stay put' provision." *Id.* at 225. Thus, the District Court's reduction of fees by 60% was error.

9

B.  The District Court's determination of a proper rate.

To assess a "reasonable fee," the reviewing court must calculate the "lodestar amount," which reflects "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Thus, the court must determine the "reasonable hourly rate."

> The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case.  Once the plaintiff has carried this burden, defendant may contest that prima facie case only with appropriate record evidence.  In the absence of such evidence, the plaintiff must be awarded attorney's fees at her requested rate.  **If hourly rates are disputed, the district court must conduct a hearing to determine the reasonable market rates.**

*Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997) (internal citations omitted) (emphasis added).

When calculating the lodestar, the hourly rate is generally the one prevailing in that forum. We have adopted the "forum rate" rule, whereby the prevailing hourly rates in the forum are applied to the case at hand, with two exceptions: first, "when the need for the special expertise of counsel from a distant district is shown," and, second, "when local counsel are unwilling to handle the case." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005) (internal quotations omitted). The court may award attorneys' fees "based on prevailing rates in the community in which the parties' attorneys practice" if either exception applies. *Id*. at 699.

10

When there are disputes over what constitutes a reasonable rate, "[t]he district court may not dispose of such a factual question based upon a generalized sense of what is customary or proper, but rather must rely upon the record." *Smith*, 107 F.3d at 226. It is impermissible for a court to "simply rely[] on the hourly rate set by the court for [the attorney seeking fees] in previous cases in which he has appeared." *Id.* "[A]s we have previously stated, a district court *must* hold an evidentiary hearing when rates are disputed." *Planned Parenthood*, 297 F.3d at 268.

Here, rates were disputed, with both parties submitting supporting affidavits urging, for T.D., rates for MLO lawyers between $240 and $525 per hour, and for the School District, rates between $300 and $375 per hour. Instead of holding an evidentiary hearing, the District Court determined that it would use the "prevailing market rates in the community and those set forth in *A.B. v. Pleasant Valley School District*,"[4] namely between $300 and $375 per hour. This was error. On remand, the Court must hold an evidentiary hearing in order to determine the appropriate prevailing rate.

C. Degree of success and denial of fee motion-related fees.[5]

"A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." *Planned Parenthood*, 297 F.3d at 268 (citing *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978)). A court's calculation

---

[4] *A.B. v. Pleasant Valley Sch. Dist.*, 2019 WL 2715681 (M.D. Pa. June 28, 2019).

[5] We review the complete denial of all fees incurred in the preparation of the fee motions for abuse of discretion. *Planned Parenthood*, 297 F.3d at 265; *see also Clemens* v. *New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 399 (3d Cir. 2018).

11

of the lodestar does not end its inquiry on a fee application. A district court can adjust a fee award upward or downward based on the results obtained in a case. *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).

The District Court downplayed the success of T.D.'s counsel, concluding that their "successes equated to a mere accumulation of compensatory education hours with incidental tuition reimbursement based on findings determined by the Third Circuit to be moot." 597 F. Supp. 3d at 734. It also considered T.D.'s unsuccessful assertion of Title IX, ADA and Section 504 claims to be failed claims warranting a reduction in fees. *Id.* at 735. But T.D. succeeded in obtaining full tuition reimbursement, and, while he did not receive the compensatory education he had requested, this was perhaps understandable because he was enrolled in the private school and doing well in his subjects.[6]

The District Court disallowed nearly two hundred hours billed by certain MLO attorneys and paralegals, concluding that "Defendants reasonably requested 1,152.41 hours on behalf of their legal counsel." 597 F. Supp. 3d at 738. Then, after considering T.D.'s degree of success, the Court reduced by 100% the 171.51 hours exhausted on tasks in support of the Motion for Attorneys' Fees and Costs, and further reduced by 60% the remaining 980.90 hours requested by counsel. We question each of these determinations.

Ultimately, T.D. was successful in having the Court conclude that he was disabled under the IDEA and entitled to full tuition reimbursement. That is not merely

---

[6] Compensatory education is intended "to redress the concrete loss that the plaintiff[s] … suffered by reason of the defendant's wrongful conduct," *M.R.*, 868 F.3d at 230, and T.D.'s disability related more to his anxiety, than to his mental acuity.

12

"incidental," as the District Court concluded. In *Institutionalized Juveniles*, we stated that courts should look to "the relief actually obtained rather than [to] the success of the legal theories." 758 F.2d 897, 911-12 (3d Cir. 1985). We conclude that the District Court's assessment of T.D.'s success focused too much on what it believed T.D. *had not* obtained, rather than what he *did* succeed in obtaining. It should re-assess this on remand.

As to its disallowance of any fee award for MLO for time spent in connection with its request for attorneys' fees, we find little legal support for this ruling.

T.D. urges that the District Court was wrong as a matter of law, citing our decision in *Planned Parenthood*. There, we reiterated a long-held principle in our Court that "[a] party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its fee application." 297 F.3d at 268. The School District counters that the request was outrageous, and that the District Court was faithfully applying *Clemens* and *Hensley*. In *Hensley*, the Supreme Court explained that a district court may account for the level of success attained by either identifying specific hours to be eliminated, or "it may simply reduce the award to account for the limited success." 461 U.S. at 436-37. And in *Clemens*, we endorsed the idea that district courts "have the discretion to deny a fee request in its entirety when the requested amount is 'outrageously excessive' under the circumstances." *Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 402 (3d Cir. 2018).

Given the length of time of MLO's representation, and the extent of litigation, we cannot accept the notion that its request was "outrageously excessive." *Pocono Mountain*, 597 F. Supp. 3d at 722. And, as amici for T.D. point out, only in drastic cases that rise to

13

the level of attorney fraud or stupefying negligence and exploitation has our Court completely denied the fees incurred in preparing a motion for attorneys' fees. *See Young v. Smith*, 905 F.3d 229, 234 (3d Cir. 2018) (100% fee reduction approved in rare case involving fraudulent fees)*; Clemens*, 903 F.3d at 401-02 (100% fee reduction approved for attorney who had been admonished for being unprepared, and not keeping contemporaneous time records among other things). A complete denial of all attorneys' fees here was overbroad and unwarranted. Given the actions of the School District in protracting the litigation, and the fact that MLO procured an extremely favorable outcome for its client, while taking significant financial risk over five years of intense litigation, the District Court's 100% denial of fee-motion related fees was an abuse of discretion.[7]

We note that this matter has lingered in the courts far too long. MLO filed its fee request five years ago. It has been involved in this litigation for nearly 10 years, with no payment for its services. We urge the District Court on remand to provide an order consistent with this opinion with dispatch.

---

[7] We acknowledge that both sides of this appeal, and amici, urge policy reasons for deciding the issues before us in their favor. We recognize the arguments on the one hand that fee awards ensure that "due process procedures, including the right to litigation if that becomes necessary, are available to all parties." *Rena C. v. Colonial Sch. Dist.*, 890 F.3d 404, 419 (3d Cir. 2018) (internal citation omitted). And, on the other, that courts should police awards for reasonableness and not award inflated fees when a party prevails. Both arguments have merit, but ultimately the District Court on remand will decide the issues presented based on the relevant legal precedent.

**IV.    Conclusion**

In light of the foregoing, we will vacate the Court's order and remand for the District Court to recalculate reasonable attorney's fees. Our intervening decision on mootness did nothing to diminish the fact of, or the extent of, the prevailing party status of T.D. T.D.'s success in obtaining full tuition reimbursement for five years must be taken into account as part of the analysis of the extent of T.D.'s success. An evidentiary hearing should be conducted in order to determine reasonable hourly rates for the attorneys for T.D., and a complete denial of all fees related to the attorneys' fees motions is inappropriate.